UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Andre Eady,<br><br>individually and on behalf of all others similarly situated,<br><br>Plaintiff(s)<br><br><br>-v.-<br><br><br>Activate Financial, LLC,<br><br>Defendant(s). | Civil Action No:<br>2:22-cv-10676-PDB-EAS<br><br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Andre Eady, a Michigan resident, brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Activate Financial, LLC ("Defendant Activate"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1.     The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress was

1

concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5.     Plaintiff brings this class action on behalf of a class of Michigan consumers under §1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6.     Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.     Plaintiff is a resident of the State of Michigan, County of Wayne.

8.     Defendant Activate is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for service at c/o The Corporation Company, 40600 Ann Arbor Road East, Suite 201, Plymouth, Michigan 48170.

9.     Upon information and belief, Defendant Activate is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due to itself or another.

## CLASS ALLEGATIONS

10.     Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11.     The Class consists of:

  a.  all individuals with addresses in the State of Michigan;

  b.  to whom Defendant Activate sent an initial letter;

  c.  attempting to collect a consumer debt;

d.  providing multiple address;

e.  without identifying the correct address to which to send a dispute;

f.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12.  The Sub Class consists of:

a.  all individuals with addresses in the State of Michigan;

b.  to whom Defendant Activate sent an initial letter;

c.  attempting to collect a consumer debt;

d.  which failed to clearly identify the current creditor to whom the debt was allegedly owed;

e.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13.  The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or has purchased debts.

14.  Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their

respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f, and/or 1692g.

16.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

      a.   **<u>Numerosity:</u>** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

      b.   **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions

predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form **attached as Exhibit A** violate 15 U.S.C. §§ 1692e, 1692f, and/or 1692g.

c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated

persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20.    Plaintiff repeats the above allegations as if set forth here.

21.    Upon information and belief, some time prior to April 5, 2021, Plaintiff allegedly incurred a debt to non-party Citizens Bank, N.A.

22.    The alleged debt arose from a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a (5).

23.    Citizens Bank, N.A. is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

24.     Upon information and belief, Defendant Activate was contracted by "Total Card, Inc." to collect the alleged debt which originated with Citizens Bank, N.A.

25.     Defendant Activate collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of itself or other creditors using the United States Postal Services, telephone and internet.

*Violation I – April 5, 2021 Letter*

26.     On or about April 5, 2021, Defendant Activate sent Plaintiff an initial collection letter. A copy of this letter is attached as **Exhibit A**.

27.     The Letter provides multiple addresses in which Defendant Activate will allegedly receive correspondence.

28.     The upper right-hand corner of the Letter provides an address of "Activate Financial, PO BOX 910009, San Diego, CA 92191."

29.     The same address is separately provided in the upper left-hand corner of the Letter.

30.     The bottom of the page contains a separate address of "Activate Financial, PO BOX 208782, Dallas, TX 75320.

31.     On the next page, the Letter ostensibly provides the notices as required by 15 U.S.C. § 1692g regarding disputing the debt.

32.     Specifically, the Letter states:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, This office will assume this debt to be valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain a verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

33.   However, the Letter lists multiple addresses for the Defendant:

a.  Activate Financial, PO Box 910009, San Diego, CA 92191;

b.  Activate Financial, PO BOX 208782, Dallas, TX 75320-8782;

34.   As noted, the first address is listed on the top of the Letter next to a large logo with Defendant's Name.

35.   The second address is included in the pay slip on the bottom right corner.

36.   None of the addresses are specifically identified as the correct address to which to send a dispute.

37.   In the body of the letter, Defendant Activate only states: "Unless you notify **this office** within 30 days after receiving this notice that your dispute the validity of the debt…"

38.   However, Defendant Activate does not identify which address is specifically associated with "this office."

39.     Plaintiff therefore did not know how to properly dispute the debt and exercise his rights under § 1692g.

40.     Because of this, Plaintiff expended time and money in determining the proper course of action, resulting in concrete harm to Plaintiff.

41.     Consumers have a right to receive accurate notice of their statutory rights.

42.     Providing multiple addresses without identifying which was correct to dispute the debt was deceptive, false, and misleading.

43.     These violations by Defendant Activate were knowing, willful, negligent, and/or intentional, and Defendant Activate did not maintain procedures reasonably adapted to avoid any such violations.

44.     Defendant Activate's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

45.     Defendant Activate's deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not exercise his right to dispute the validity of the debt.

46.     Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the Letter to his detriment.

47.     Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

48.     Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

49.     As it relates to this violation, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

50.     Now, consumers have a right to receive proper notice of their right to dispute the validity of the debt. When a debt collector fails to effectively inform the consumer of their right to dispute the validity of the debt, in violation of statutory law, the debt collector has harmed the consumer.

51.     As a result of Defendant Activate's deceptive, misleading, and false debt collection practices, Plaintiff has been damaged.

*Violation II – April 5, 2021 Letter*

52.     In addition to providing multiple addresses without a specification as to which address to send a dispute, the April 5, 2021 Letter additionally violates the FDCPA.

53. Specifically, the Letter did not contain all of the requires of the "G Notice" in that the Letter deceptive and incorrectly states who the original or current creditor is to whom the alleged debt is owed.

54. The upper right-hand corner of the letter states:

| ACCOUNT INFORMATION | |
|---|---|
| Our File #: | ****1488 |
| Current Creditor: | Citizens |
| Original Creditor Account | ******8104 |
| Original Creditor: | Citizens Bank, N.A. |

55. The letter goes on to state:

> Welcome to Activate Financial. Recently, Activate Financial, LLC's parent company acquired Total Card, Inc. Your account placed with Total Card, Inc. by Citizens is now being serviced by Activate Financial.
>
> We represent the above client, Citizens, who is the owner of your account referenced above.

56. Thus, the Letter states that the current creditor is "Citizens" in two separate locations.

57. It is unclear if name "Citizens" is related to the Original Creditor Citizens Bank, N.A. or if it refers to any number of separate entities which include the word "Citizens."

58. The confusion is only amplified by the additional references to Total Card, Inc.

59.     The Letter does not clarify and explain the role of Total Card, Inc. in this collection and Plaintiff was easily confused as to the role of Total Card, Inc. and whether they are, or have any relation to, the original or current creditors.

60.     As a result, after reading the Letter, it is unclear who "Citizens" is and what relation "Total Card, Inc." has to the Plaintiff's alleged debt.

61.     The false listing of the name of the creditor is deceptive in preventing Plaintiff from determining to whom payment should be made, which debt is owned by whom, and the possible benefits and/or detriments to the consumer of those relevant facts.

62.     Furthermore, this confusion can ultimately result in multiple collections on the same debt by different collectors, and a double collection can occur.

63.     As a result of Defendant's deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

64.     Defendant Activate's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm because the FDCPA provides Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action for the collection of any consumer debt.

65.     Defendant's deceptive, misleading, and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts

because Plaintiff could not adequately respond to Defendant's demand for payment of this debt.

66.     Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection because Plaintiff was unsure who the current creditor was due to the Letter.

67.     Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the Letter to his detriment.

68.     Plaintiff would have pursued a different course of action, such as possibly considering the settlement offer, were it not for the confusing language regarding the Letter which caused an apprehension as to the identity of the original creditor.

**<u>COUNT I</u>**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e *et seq.***

69.     Plaintiff repeats the above allegations as if set forth here.

70.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

71.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

72. Defendant violated 15 U.S.C. §1692e:

   a. Making a false and/or misleading representation in violation of § 1692e (10) by stating the incorrect name for the current creditor;

   b. By deceptively and/or misleadingly providing multiple addresses and not identifying which one should be used to dispute the debt, in violation of § 1692e (10).

73. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

74. Plaintiff repeats the above allegations as if set forth here.

75. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

76. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

77. Defendant violated this section by:

   a. stating the incorrect name for the current creditor;

b. failing to properly advise Plaintiff as to the address to which disputes should be sent.

78. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **<u>COUNT III</u>**
## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
## **15 U.S.C. §1692g *et seq.***

79. Plaintiff repeats the above allegations as if set forth here.

80. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

81. Pursuant to 15 U.S.C. §1692g (a):

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

1. The amount of the debt;
2. The name of the creditor to whom the debt is owed;
3. A statement that unless the consumer, within thirty days after the receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

4.  A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5.  A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

82.   Pursuant to 15 U.S.C. § 1692g(b):

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

83.     The notices of both the name of the current creditor and the address to which disputes should be sent must be clearly conveyed so that the consumer is clearly advised as to whom the alleged debt is owed and where he can dispute the same.

84.     Defendant violated this section by:

   a. failing to correctly identify the name of the creditor to whom the debt is owed.

   b. Providing multiple addresses and not identifying which one to use for disputing the debt, thereby failing to provide the proper notice required by § 1692g in an initial collection letter;

   c. Providing multiple addresses and not identifying which one to use for disputing the debt, thereby overshadowing and/or creating inconsistencies with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor, in violation of § 1692g(b).

85.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.


**<u>DEMAND FOR TRIAL BY JURY</u>**

86.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Andre Eady, individually and on behalf of all others similarly situated, demands judgment from Defendant Activate Financial, LLC, as follows:

a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Yaakov Saks, Esq. as Class Counsel;

b)     Awarding Plaintiff and the Class statutory damages;

c)     Awarding Plaintiff and the Class actual damages;

d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e)     Awarding pre-judgment interest and post-judgment interest; and

f)      Awarding Plaintiff and the Class such other and further relief as this

Court may deem just and proper.

Dated: March 30, 2022                                 Respectfully submitted,

By: s/ Yaakov Saks
Yaakov Saks, Esq.
Stein Saks, PLLC
One University Plaza, Suite 620
Hackensack, NJ, 07601
(201) 282-6500 x101
ysaks@steinsakslegal.com
*Attorneys for Plaintiff*